DANIELLE OCHS, State Bar No. 178677
dot@ogletreedeakins.com
TIMOTHY L. REED, State Bar No. 258034
timothy.reed@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:     415.442.4810
Facsimile:     415.442.4870

Attorneys for Defendant
OCTAGON, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFF LABOY, JR., an individual,<br><br>                  Plaintiff,<br><br>           v.<br><br>OCTAGON, INC., a Washington, D.C. corporation,<br><br>                  Defendant. | Case No. _____<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(B) (DIVERSITY)**<br><br>Complaint Filed:  February 21, 2014<br>Trial Date: |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

   **PLEASE TAKE NOTICE THAT** defendant Octagon, Inc. ("Defendant") hereby removes to this Court the pending state court civil action identified in paragraph 1 below pursuant to 28 U.S.C. sections 1332 and 1441(b).

   1.   On or about February 21, 2014, Plaintiff Cliff LaBoy ("Plaintiff") commenced a civil action against Defendant in the Superior Court of California, County of San Francisco, entitled: *Cliff LaBoy, Jr. an individual, Plaintiff, v. Octagon, Inc., a Washington, D.C. corporation, Defendant*, as Case Number CGC 14-537604.  On February 25, 2014, Plaintiff served Defendant with his Verified Complaint.  Plaintiff alleges claims for (1) restraint of trade in violation of section 16600 of the California Business and Professions Code; (2) unfair business practices under section 17200 of the California Business and Professions Code; and (3) declaratory and injunctive relief.  True and correct copies of the Summons, Plaintiff's Verified Complaint, the Proof of Service of Summons, and a Notice of Case Management Conference are attached hereto as Exhibit A.

   2.   Exhibit B is a true and correct copy of the Notice of Filing of Removal, to be filed with the San Francisco Superior Court hereafter.  Exhibits A and B comprise all of the pleadings and papers known to Defendant to be on file or to be filed hereafter in the Superior Court.

   3.   This matter is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

   4.   Plaintiff's Verified Complaint does not allege a damage amount as to each of his claims.  Removal is therefore proper if, from the allegations of the Verified Complaint and the Notice of Removal, it is more likely than not that the claims will exceed $75,000.  *See Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *See Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir.

DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C.§§ 1332, 1441(B) (DIVERSITY)

1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).

5.      Based on Plaintiff's allegations, the amount in controversy in the instant case is more likely than not to exceed the sum or value of $75,000.  Plaintiff was employed as a sports agent for Defendant.  (Complaint, ¶ 5, 12.)  In his Verified Complaint, Plaintiff alleges that on April 30, 2008, he and Defendant entered into an employment agreement (the "Agreement").[1] (Complaint, ¶ 6.)  The parties have a dispute over whether Section 6 of the Agreement ("Section 6"), which concerns the splitting of fees following the termination of Plaintiff's employment from Defendant, is unenforceable under California law.   (Complaint, ¶¶ 6, 15, 16, Exh. A.)  Plaintiff seeks compensatory, consequential, punitive, and exemplary damages; costs, expenses, and attorneys' fees; injunctive relief; and a declaratory judgment that Section 6 is unenforceable. (Complaint ¶¶ 22, 23, 31, 32, 35, Prayer for Relief, ¶¶ a-h.)

6.      The fees in dispute for the upcoming National Football League season under Stevie Johnson's player contract total $170,250.  (Declaration of Paul Haase in Support of Notice of Removal ("Haase Decl."), ¶¶ 4-7., Exh. A.)  These fees are only for Johnson's team playing agreement, and even then, only for the upcoming season.  (Haase Decl., ¶ 7.)  Fees from other player deals and other years are also in dispute.  (Haase Decl., ¶¶ 4, 8, Exh. A.)  Plaintiff also seeks recovery of attorneys' fees and punitive damages.  (Complaint ¶¶ 23, 32, Prayer for Relief, ¶¶ f-g.) Thus, based on a conservative good faith estimate of the value of the claims asserted in this action, Plaintiff seeks recovery in excess of $75,000.[2]

7.      "A natural person (i.e., a human) is a citizen of her state of domicile."  *Ramirez v. HMS Host USA, Inc.*, 2012 U.S. Dist. LEXIS 170676, at *5 (N.D. Cal. Nov. 30, 2012).  Plaintiff alleges that "[a]fter living in the state of Georgia for a few years, [he] is returning to his home state of California" and "will soon reside in the County of San Francisco."  (Complaint, ¶¶ 1, 3.)  In assessing diversity jurisdiction, an individual's state of domicile at the time his lawsuit was filed is

---

[1] The Agreement is attached to Plaintiff's Verified Complaint.

[2] By estimating the amount Plaintiff may recover if he prevails, Defendant does not concede that Plaintiff will prevail on any of his claims or that, if he prevails, he is entitled to damages in any particular amount or at all.  Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

controlling. *LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001). A person must establish some "physical presence" in a new state for it to be considered his state of domicile, and his "domicile is not lost until a new one is acquired." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). As of the filing of his Verified Complaint, Plaintiff was living in Atlanta, Georgia, where he resided for the previous "few years." (Complaint, ¶¶ 1, 3; Haase Decl., ¶ 6.) Plaintiff, therefore, is a citizen of Georgia. Defendant Octagon, Inc. is incorporated under the laws of the District of Columbia, with its principal place of business in McLean, Virginia. (Haase Decl., ¶ 2.) Accordingly, complete diversity of citizenship exists.[3]

      8. This Notice of Removal of Civil Action is filed within the time provided by 28 U.S.C section 1446(b) in that it was filed within thirty days of the date that Defendants were served with Plaintiff's Verified Complaint.

      9. San Francisco County is located within the jurisdiction of the U.S. District Court for the Northern District of California. Thus, this Court is a proper court for the removal of this action.[4]

DATED: March 27, 2014            OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ Danielle Ochs
        DANIELLE OCHS
        TIMOTHY L. REED

        Attorneys for Defendant
        OCTAGON, INC.

17233198.2

---

[3] Even assuming, *arguendo*, that Plaintiff is domiciled in California, there is still complete diversity of citizenship between the parties.

[4] Defendant maintains, however, that the under the terms of the Agreement, the proper venue for Plaintiff's action is the Eastern District of Virginia.

# EXHIBIT A



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Feb-21-2014 11:49 am

Case Number: CGC-14-537604

Filing Date: Feb-21-2014 11:46 am

Filed by:  MARYANN E. MORAN

Juke Box: 001    Image: 04385444

COMPLAINT

CLIFF LABOY JR VS. OCTAGON, INC., A WASHINGTON D.C. CORPORATION

001C04385444

**Instructions:**
Please place this sheet on top of the document to be scanned.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Roland M. Juarez, CA Bar No. 160793
550 South Hope Street, Suite 2000
Los Angeles, A 90071-2627

TELEPHONE NO.: 213-532-2000   FAX NO.: 213-532-2020
ATTORNEY FOR *(Name)*: CLIFF LABOY, JR.

**FILED**
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

**2014 FEB 21  AM 11: 52**

CLERK OF THE COURT
BY: _____
DEPUTY CLERK
M.A. MORAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102-4515
BRANCH NAME: Civic Center Courthouse

CASE NAME:
CLIFF LABOY, JR. v. Octagon, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **CGC - 14 - 53760 4** DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*:  Restraint of Trade, Unfair Business Practices, Declaratory/Injunctive Relief
5. This case [ ] is [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 21, 2014
Roland M. Juarez

_____
(TYPE OR PRINT NAME)

Roland Juarez W/P 551
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

 

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

1    HUNTON & WILLIAMS LLP
     ROLAND M. JUAREZ (State Bar No. 160793)
2    E-mail: rjuarez@hunton.com
     550 South Hope Street, Suite 2000
3    Los Angeles, California 90071-2627
     Telephone: 213 • 532 • 2000
4    Facsimile: 213 • 532 • 2020

5    SUSAN JOO (State Bar No. 260369)
     E-mail: sjoo@hunton.com
6    575 Market Street, Suite 3700
     San Francisco, CA 94105
7    Telephone: 415 • 975 • 3700
     Facsimile: 415 • 532 • 3701

8
     Attorneys for Plaintiff
9    CLIFF LABOY, JR.

10

11                    **SUPERIOR COURT OF CALIFORNIA**
                        **COUNTY OF SAN FRANCISCO**
12

13   CLIFF LABOY, JR. an individual,           Case No.:  **C G C   1 4 - 5 3 7 6 0 4**

14
                                               **VERIFIED COMPLAINT**
15                            Plaintiff,
                                               1.  Unfair Competition - Restraint of Trade
16        vs.                                  Under California Business and Professions
                                               Code § 16600
17   OCTAGON, INC., a Washington, D.C.
     corporation,                              2.  Unfair Competition - Unfair Business
18                                             Practices Under California Business and
                                               Professions Code § 17200
19                            Defendant.
                                               3.  Declaratory and Injunctive Relief
20
                                               **DEMAND FOR JURY TRIAL**
21

22

23

24

25

26

27

28

                              VERIFIED COMPLAINT



Plaintiff CLIFF LABOY, JR. ("Mr. LaBoy"), by and through his counsel, files this Verified

Complaint for Declaratory Judgment, Injunctive Relief, and Damages (the "Complaint"). Defendant

OCTAGON, INC. ("Octagon") seeks to enforce unlawful non-competition, non-solicitation and fee

tail covenants against a California employee, Mr. LaBoy. Mr. LaBoy now seeks a declaratory

judgment against Octagon to stop this unlawful competition by Octagon in California. Mr. LaBoy

alleges as follows:

**THE PARTIES, JURISDICTION AND VENUE**

1.      Mr. LaBoy is an individual over 18 years of age. He is a former employee of

Octagon. Mr. LaBoy began working for Octagon in 2005 and has spent the majority of his

employment working out of Octagon's Walnut Creek, California office. After living in the State of

Georgia for a few years, Mr. LaBoy is returning to his home state of California. During his

employment, Mr. LaBoy regularly engaged in business throughout California.

2.      Upon information and belief, Octagon is a Washington, D.C. corporation with its

principal place of business in Connecticut. Octagon regularly conducts business in California,

maintaining its offices in San Francisco, Los Angeles, and San Diego.

3.      Jurisdiction and venue is appropriate in this Court because the acts giving rise to Mr.

LaBoy's claims occurred within the County of San Francisco and Contra Costa County, Octagon

maintains an office in the County of San Francisco, and Mr. LaBoy will soon reside in the County of

San Francisco. Octagon's NFL Football division is headquartered in its San Francisco office, and

the division leaders for the NFL Football division are based there.

**GENERAL ALLEGATIONS**

4.      Octagon is one of the nation's largest providers of, among other client services, sports

marketing, talent representation, and event management services.

5.      Mr. LaBoy began his employment with Octagon in 2005 as a sports agent within

Octagon's NFL Football division. Mr. LaBoy was not and has not ever been an owner in Octagon,

has never been a limited partner in Octagon, nor has he owned any partnership interest in Octagon.

6.      In April 2008, Octagon presented Mr. LaBoy with an Employment Agreement as a

condition of his continued employment with Octagon. The Employment Agreement was non-

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

negotiable.  A true and correct copy of the Employment Agreement ("the Agreement"), entered into as of April 30, 2008, is attached hereto as **Exhibit A**.

7.      For two years following termination of Mr. LaBoy's employment, the Agreement precludes Mr. LaBoy from working in any capacity for the following specific Octagon competitors: International Management Group, SFX, Wasserman Media Group, Creative Artists Agency, Athletes First, Priority Sports, William Morris, or any of their present or future affiliated or related companies.  *See* Agreement ¶ 5.

8.      For two years following termination of Mr. LaBoy's employment, the Agreement precludes Mr. LaBoy from pursuing any "Company Client" who had been a client of Octagon during the two year period prior to the termination of his employment, or with whom Mr. LaBoy had any contact with during his employment at Octagon.  *See id.* ¶ 6(b).

9.      For two years following termination of Mr. LaBoy's employment, the Agreement precludes him from pursuing any "Company Business Opportunity" which anyone at Octagon has "targeted or solicited" at any time during twelve months prior to the termination of his employment. *See id.*

10.      For up to two years following termination of Mr. LaBoy's employment, the Agreement mandates that Octagon is entitled to all fees and compensation deriving from any contract Mr. LaBoy enters into with an Octagon client during this two year period.  *See id.* ¶ 6(c) ("Fee Tail Provision").

11.      At any point following the termination of Mr. LaBoy's employment, the Agreement precludes him from "raiding" Octagon's employees or soliciting any of the employees to resign from Octagon, and from "disrupting" the relationship between Octagon and any of its consultants, agents, representatives or vendors.  *See id.* ¶ 7.

12.      Mr. LaBoy resigned from Octagon on or about February 21, 2014.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2

**I.**

## FIRST CLAIM FOR RELIEF
### Unfair Competition - Restraint of Trade Under
### California Business and Professions Code § 16600

13.     Mr. LaBoy realleges and incorporates by reference the allegations contained in paragraphs 1 through 12 above as if fully set forth herein.

14.     An actual controversy has arisen and now exists between Mr. LaBoy and Octagon concerning their respective rights and duties under the Agreement.  Mr. LaBoy has terminated his employment with Octagon.  He intends to accept employment with an entity that, upon information and belief, Octagon contends is affiliated with one of the companies listed in Paragraph 5 of the Agreement.  In addition, the status of payments under several contracts are in dispute in light of the fee tail provision.  Finally, the status of numerous clients managed by Mr. LaBoy is immediately in dispute in light of the restrictive covenants.

15.     Mr. LaBoy is informed and believes and thereon alleges that Octagon willfully undertook unlawful and unfair business acts or practices, with knowledge of and disregard of Mr. LaBoy's rights, and with the intention of causing harm to Mr. LaBoy and benefitting Octagon by, among other things, requiring Mr. LaBoy to enter into the overbroad, void, and unenforceable provisions in Paragraphs 5, 6 and 7 of the Employment Agreement, as a condition of his continued employment with Octagon.

16.     Mr. LaBoy is informed and believes and thereon alleges that Paragraph 6(c) of the Agreement is also void because it constitutes an impermissible recoupment of wages pursuant to California Labor Code § 221.

17.     Octagon's conduct constitutes a restraint of trade, within the meaning of Unfair Competition Law, California Business and Professions Code § 16600 *et seq.*

18.     As a direct and proximate result of Octagon's conduct, Mr. LaBoy has been harmed and denied the benefits to which he is entitled under applicable law, and will continue to be harmed for up to twenty-four months.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3

19. Mr. LaBoy is informed and believes and, based thereon, alleges that Octagon has engaged and continues to engage in such unlawful and unfair conduct for the purpose of injuring Mr. LaBoy, clients he manages, as well as the public at large.

20. Octagon's continuing wrongful conduct as alleged above, unless and until restrained by order of this Court, will cause great and irreparable harm to Mr. LaBoy.

21. Mr. LaBoy has no adequate remedy at law since, unless enjoined, Octagon will continue to engage in the aforementioned wrongful conduct.

22. As the direct and proximate result of Octagon's actions, Mr. LaBoy faces irreparable harm and injury, and damages in an amount to be proven at the time of trial. Because his remedy at law is inadequate, Mr. LaBoy also seeks, in addition to any other available remedy, monetary damages, and preliminary and permanent injunctive relief against Octagon to preclude the enforcement of Paragraphs 5, 6 and 7 of the Agreement.

23. Mr. LaBoy is informed and believes that through this lawsuit, Mr. LaBoy's enforcement of § 16600 confers a significant benefit, pecuniary or otherwise, to the general public by ensuring fair and free competition for Mr. LaBoy and other employees of Octagon. Mr. LaBoy is informed and believes that § 1021.5 of the California Code of Civil Procedure permits Mr. LaBoy to recover attorneys' fees and costs incurred in enforcing § 16600.

## II.

### SECOND CLAIM FOR RELIEF

**Unfair Competition - Unfair Business Practices Under Business and Professions Code § 17200**

24. Mr. LaBoy realleges and incorporates by reference the allegations contained in paragraphs 1 through 23 above as if fully set forth herein.

25. Mr. LaBoy is informed and believes and thereon alleges that Octagon willfully undertook unlawful and unfair business acts or practices, with knowledge of and disregard of Mr. LaBoy's rights, and with the intention of causing harm to Mr. LaBoy and benefitting Octagon by, among other things, requiring Mr. LaBoy to enter into the overbroad, void, and unenforceable provisions in Paragraphs 5, 6 and 7 of the Employment Agreement, as a condition of his continued employment with Octagon.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4

26.     Octagon's conduct constitutes unlawful and unfair business acts or practices, within the meaning of Unfair Competition Law, California Business and Professions Code § 17200 *et seq.*

27.     As a direct and proximate result of Octagon's conduct, Mr. LaBoy has been harmed and denied the benefits to which he is entitled under applicable law.

28.     Mr. LaBoy is informed and believes and, based theron, alleges that Octagon has and continues to engage in such unlawful and unfair conduct for the purpose of injuring Mr. LaBoy, clients he manages, as well as the public at large.

29.     Octagon's continuing wrongful conduct as alleged above, unless and until restrained by order of this Court, will cause great and irreparable harm to Mr. LaBoy.

30.     Mr. LaBoy has no adequate remedy at law since, unless enjoined, Octagon will continue to engage in the aforementioned wrongful conduct.

31.     As the direct and proximate result of Octagon's actions, Mr. LaBoy faces irreparable harm and injury, and damages in an amount to be proven at the time of trial.  Because his remedy at law is inadequate, Mr. LaBoy also seeks, in addition to any other available remedy, monetary damages, and preliminary and permanent injunctive relief against Octagon to preclude the enforcement of Paragraphs 5, 6 and 7 of the Agreement.

32.     Mr. LaBoy is informed and believes that through this lawsuit, Mr. LaBoy's enforcement of § 17200 confers a significant benefit, pecuniary or otherwise to the general public by ensuring fair and free competition for Mr. LaBoy and other employees of Octagon.  Mr. LaBoy is informed and believes that Section 1021.5 of the California Code of Civil Procedure permits Mr. LaBoy to recover attorneys' fees and costs incurred in enforcing § 17200.

## III.

### THIRD CLAIM FOR RELIEF

#### Declaratory Relief Under California Code of Civil Procedure § 1060

33.     Mr. LaBoy realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 above as if fully set forth herein.

34.     There exists an immediate and actual controversy of a justiciable nature, ripe for adjudication, between Mr. LaBoy and Octagon concerning the constitutionality and/or enforceability

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

of Paragraphs 5, 6 and 7 of the Agreement, given Octagon's attempt to defeat competition without regard for: (i) the public welfare; (ii) the legitimate interests of the parties; (iii) the degree to which competition is being defeated; and (iv) the adverse affects to the public beyond what is necessary to protect the legitimate rights of Octagon, if any. The ends of justice require that the Court give Mr. LaBoy guidance and direction concerning these issues in which both parties have a real interest in the question to be resolved.

35.     For the foregoing reasons, pursuant to California Code of Civil Procedure § 1060, Mr. LaBoy requests a judicial declaration that Paragraphs 5 and 7 of the Employment Agreement are overbroad, void, and unenforceable, and that Paragraph 6 of the Employment Agreement is unconscionable.[1]

36.     A judicial determination is necessary and appropriate at this time under the circumstances in order that Mr. LaBoy and Octagon may ascertain their rights and duties, if any, under the Agreement.

### PRAYER FOR RELIEF

Mr. LaBoy has no adequate or speedy remedy at law for the above-mentioned conduct of Octagon, and this action for declaratory and injunctive relief is Mr. LaBoy's only means for securing relief. Wherefore, Mr. LaBoy respectfully prays that this Court:

a)     Enter a declaratory judgment that Paragraphs 5, 6 and 7 of the Agreement are unenforceable under California law;

b)     Issue a temporary and permanent injunction perpetually enjoining and restraining Octagon, its officers, agents, employees, successors, attorneys, and all those in active

---

[1] The Agreement includes a choice of law provision that seeks to apply Virginia law, and a forum selection provision that seeks to mandate resolution of any dispute in Fairfax County, Virginia. *See* Agreement ¶ 17. These provisions are invalid, unenforceable and void because California courts will not enforce choice of law and forum selection provisions where, as here, (1) California has a materially greater interest than Virginia regarding the enforceability of the restrictive covenants given Mr. LaBoy's California citizenship and that the work he has done for Octagon has been primarily in California, and (2) application of Virginia law is contrary to and will impair California public policy favoring open competition. Moreover, the Agreement also includes a provision that purports to allow Octagon to seek injunctive relief in any court of law in any jurisdiction, which, at a minimum, is at odds with the Agreement's choice of law and forum selection language. *See id.* ¶ 11.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   participation with them, from seeking to restrain, prevent, or interfere with the rights

2   of Mr. LaBoy to compete against Octagon in California;

3   d)   Grant judgment to Mr. LaBoy and against Octagon on this Complaint for all

4        damages, injunctive, and declaratory relief sought by Mr. LaBoy;

5   e)   Grant judgment to Mr. LaBoy and against Octagon as to all Claims for Relief of this

6        Complaint;

7   f)   For damages, including compensatory, consequential, punitive and exemplary

8        damages in an amount to be proved at trial;

9   g)   Award Mr. LaBoy costs, expenses, and attorneys' fees incurred in connection with

10       bringing and maintaining this action, to the extent permitted by law and equity; and

11  h)   Grant Mr. LaBoy such additional relief as this Court deems just and equitable.

12

13  DATED: February 21, 2014                          HUNTON & WILLIAMS LLP

14

15                                        By: _Roland Juarez 4p88)_
                                              ROLAND M. JUAREZ
16
                                          Attorneys for Plaintiff
17                                        CLIFF LABOY, JR.

18

19

20

21

22

23

24

25

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

VERIFIED COMPLAINT

1    **DEMAND FOR JURY TRIAL**

2        Plaintiff Cliff LaBoy, Jr. hereby demands a trial by jury on triable issues of fact.

3

4    DATED:  February 21, 2014                HUNTON & WILLIAMS LLP

5

6                                      By: _Roland Juarez_ (p SJ) _____

7                                          ROLAND M. JUAREZ

8                                          Attorneys for Plaintiff
                                           CLIFF LABOY, JR.

9

10

11

*Hunton & Williams LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071-2627*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFICATION OF CLIFF LABOY, JR.

I, Cliff LaBoy, Jr. have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof and certify that the same are true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California, that this Verification was executed by me on February 21, 2014 at Indianapolis, Indiana and that the foregoing is true and correct.

_____
CLIFF LABOY, JR.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1
VERIFICATION



EXHIBIT "$A$"

# octagon

VIA HAND OR EMAIL DELIVERY
April 3, 2008

C.J. LaBoy
388 Riviera Circle
Larkspur, CA 94939

Dear C.J.:

This agreement ("Agreement") will confirm the understanding between Octagon, Inc. (the "Company" or "Octagon"), and you (the "Employee"). In consideration of the mutual promises and covenants set forth herein, it is agreed as follows:

**1.     Continuing Employment via New Term Employment Agreement.** The Employee acknowledges and agrees that the Employee is currently employed by Company on an "at will" basis for an indefinite term. Employee is desirous of a new term employment agreement with Company, the Company has offered such employment, and Employee has accepted such offer.

**2.     Prior Term/Current Term/Cause for Termination.**

(a)     Employee is currently working for Company on an at will basis for an indefinite term ("At Will Employment Period"). Under this new Agreement, the Employee shall provide services to the Company commencing April 1, 2008, and continuing through March 31, 2010 ("Term Employment Period"). After the Term Employment Period, the Employee's employment by the Company shall continue as employment at will for an indefinite term, and may be terminated at the option of the Employee or the Company at any time with or without cause or notice, except that each party shall exercise best efforts to give the other party at least four (4) weeks prior notice before terminating Employee's employment. The entire period during which the Company employs the Employee shall be referred to herein as the "Employment Period." The twenty-four (24) month period following the termination of the Employee's employment, for any reason and regardless of whether such termination was effectuated by the Employee or the Company, shall be referred to as the "Restricted Period."

(b)     Company may terminate this Agreement for "cause" in the event Employee: (i) dies, (ii) commits a felony or a fraud, (iii) abandons employment with Company, (iv) exhibits insubordination or fails to follow the directions of Company's senior management, (v) engages in conduct that brings the Company or a client of the Company into public disgrace or disrepute, (vi) fails to follow the policies and practices of the Company, (vii) fails or is unable to perform the normal duties and responsibilities of the position, (viii) breaches a material provision of this Agreement, (ix) breaches any other agreement with Company or agreement entered into on behalf of Company, (x) performs in a negligent manner, or (xi) is subject to any disciplinary action; censure; suspension; or decertification, loss of licensure, or other similar loss of rights afforded by a sports governing body.

**3.     Compensation/Title/Supervisor.**

(a)     Effective April 1, 2008, Employee's salary for this position shall be paid as follows: (i) from April 1, 2008 through March 31, 2009, at the annual rate of Sixty-Five Thousand U.S. Dollars (US $65,000); (ii) from April 1, 2009 through March 31, 2010, at the annual rate of One Hundred Thousand

Initials: _____

U.S. Dollars (US $100,000). These earnings shall be payable in approximately equal installments in accordance with Company's customary payroll practices. Such compensation shall be subject to all applicable withholding taxes, other normal payroll taxes, and any other amounts required by law to be withheld.

    (b)    Employee will report to Mike Sullivan or such other subsequent supervisor ("Supervisor") as determined by Company management.

    (c)    Employee's title shall be Senior Associate or a similar title to be determined by Supervisor and/or Company's management.

    (d)    Employee is eligible to be considered for bonuses to be determined in the discretion of Employee's Supervisor and/or Company management. Any such payment shall be payable in accordance with Company's customary payroll practices and shall be subject to all applicable withholding taxes, other normal payroll taxes, and any other amounts required by law to be withheld.

    (e)    Employee will receive Company's standard employee benefits consistent with Employee's position.

    (f)    Employee will be reimbursed for reasonable and necessary travel expenses incurred and submitted in accordance with Company's customary policies, procedures, and approvals regarding expense reimbursement. Employee agrees to optimize reimbursement of expenses from third parties.

**4.    Employee Consent to Reasonable Restrictions/Consideration.**

Employee acknowledges that the Company operates in the unique, specialized and highly competitive worldwide entertainment, sports, music, event, and personalities marketing, management, and representation industries. Employee further acknowledges that employment with Company will provide unique industry, Company and client specific knowledge, contacts, and information that have value to Employee. The consideration for Employee's consent to the restrictions set forth in this Agreement is the new term employment agreement and increased compensation, and Employee acknowledges the receipt and sufficiency of this consideration. Employee understands and acknowledges that the agreements and covenants contained in this Agreement are essential to protect the business, clients, trade secrets, and other property of the Company. Employee acknowledges that the duration, extent, and application of each of the restrictions on Employee set forth in this Agreement are reasonable and necessary for protection of the fundamental interests of Company.

**5.    Entity and Time-Limited Non-Competition Restriction.**

Except to the extent permitted by Company or otherwise, during the Restricted Period, the Employee will not work in the same or similar capacity as Employee worked for Company, as an employee, consultant, contractor, licensor, advisor, agent, officer, or director of, or in any other employment-related capacity for International Management Group; SFX; Wasserman Media Group; Creative Artists Agency; Athletes First; Priority Sports; William Morris or any of their present or future affiliated or related companies.

**6.    Time-Limited Company Client and Company Business Opportunity Non-Solicitation Restrictions/Definition of Company Property.**

    (a)  *Definitions.* For purposes of this Agreement, the following definitions shall apply:

2

Initials:

1) "Company Property" shall mean and include:

   a.  all items set forth in Section 8 of this Agreement,

   b.  all material created in the course of Employee's duties ("Work"), which shall constitute a work-made-for-hire as defined in the United States Copyright Act of 1976. Company shall be the author of said work-made-for-hire and the owner of all rights in and to the Work throughout the universe, in perpetuity and in all languages, for all now known or hereafter existing uses, media and forms, including, without limitation, the copyrights therein and thereto throughout the universe for the initial term and any and all extensions and renewals thereof. Company shall have the right to make such changes therein and such uses thereof as it may deem necessary or desirable. To the extent that the Work is not recognized as a work-made-for-hire, Employee hereby assigns, transfers and conveys to Company, without reservation, all of Employee's right, title and interest throughout the universe in perpetuity in the Work, including, without limitation, all rights of copyright and copyright renewal in said Work or any part thereof,

   c.  any and all company equipment including, without limitation, computers, laptops, mobile phones, blackberry or other similar devices, printers, scanners, computer peripheral devices, telephone lists, rolodexes, customer lists, and other similar items;

   d.  Company Business Opportunities,

   e.  fees and compensation derived from any Company Business Opportunity, regardless of whether such fees and compensation are received during the Employment Period, the Restricted Period, or thereafter,

   f.  Company Client Contracts, and

   g.  fees and compensation derived from any Company Client Contract, regardless of whether such fees and compensation are received during the Employment Period, the Restricted Period, or thereafter.

2) "Company Client" shall mean and include any individual or entity that: (i) was a client of Company at any time during the twenty-four (24) months prior to the end of the Employment Period, and (ii) with whom Employee had contact or about whom Employee was provided confidential or non-public information during the Employment Period.

3) "Company Client Contract" shall mean and include: (i) any contract, agreement, relationship, or arrangement entered into or being negotiated during the Employment Period by or on behalf of a Company Client, (ii) any renewal, modification, continuation, or extension of any contract, agreement, relationship, or arrangement entered into or being negotiated during the Employment Period by or on behalf of a Company Client, (iii) any contract, agreement, relationship, or arrangement entered into within twelve (12) months after the Employment Period by or on behalf of a Company Client, and (iv) any contract, agreement, relationship, or arrangement that would fall within this section but for an intentional effort to avoid paying a fee or compensation to Company.

4) "Company Business Opportunity" shall mean and include any business opportunity or prospective business opportunity actively targeted or solicited by Company or Employee at any

3

Initials: CJL

time during the twelve (12) months prior to the end of the Employment Period. A business opportunity shall include, but is not limited to, an opportunity to secure, sell, purchase, manage, obtain, consult, advise, procure, market, develop, license, endorse, promote, or otherwise service a company (or other entity), person, sponsor, event, series, property, appearance, intellectual property right, media right, marketing campaign, talent, delivery of services in a new form or media, consultancy (or similar arrangement), or any other similar business arrangement.

(b) *Time-Limited Company Client and Company Business Opportunity Non-Solicitation Restriction.* During the Restricted Period, the Employee agrees not to directly or indirectly, on behalf of the Employee or any other person or entity in competition with the business of the Company, solicit business from, provide services to, or otherwise appropriate any Company Client or any Company Business Opportunity.

(c) *Post-Employment Period NFL Standard Player Contracts.* In the event that Employee breaches section 6 of this Agreement or is permitted by the Company or otherwise to solicit or represent a Company Client or Company Business Opportunity during the Restricted Period, Employee acknowledges and agrees that:

      1.   all fees and compensation deriving from all Company Client Contracts and all Company Business Opportunities are Company Property regardless of whether such fees and compensation are paid during the Employment Period, the Restricted Period or thereafter.

      2.   if (i) during the Employment Period or the Restricted Period Employee was designated or registered as a Company Client's agent of record with the NFL or any other professional football governing entity, and (ii) a standard player contract ("SPC") is entered into or being negotiated during the Restricted Period for that Company Client, and (iii) during the Employment Period the Employee was in full compliance with all material policies and procedures of Company and all applicable policies, statutes and laws governing workplace conduct, and (iv) Employee is and remains in full compliance with all provisions of this Agreement, then the parties acknowledge and agree that the following reflects a fair and reasonable distribution of fees and compensation deriving from any SPC entered into or being negotiated during the Restricted Period.

As to SPCs only, Company and Employee agree that:

a.    all fees and compensation deriving from any SPC entered into or being negotiated during the Employment Period are Company Property regardless of whether such fees and compensation are paid during the Employment Period, the Restricted Period or thereafter.

b.    all fees and compensation deriving from any SPC entered into or being negotiated during the first year of the Restricted Period ("Year 1 SPC") are Company Property regardless of whether such fees and compensation are paid during the Restricted Period or thereafter, however, as to such fees and compensation:

    1)   during the first year in which the Year 1 SPC is in effect, Company shall retain its one hundred percent (100%) ownership interest in fees and compensation deriving from that Year 1 SPC but will pay Employee twenty-five percent (25%) of the fees received net of related advances and expenses advanced or paid by Company ("Net Fees") for any such Year 1 SPC negotiated by Employee, with a deduction from the Net Fees for any such Year 1 for rookie training costs incurred from January 1 to March 31 of such

4

Initials:

Year 1, and then only (i) to the extent such training costs have been approved in writing in advance by Company, (ii) have been actually paid to third parties, (iii) have been used solely and exclusively for actual training and are not per diems, gifts or any other type of payment to or for the benefit of the client, and (iv) are capped at the amount of Net Fees received from such client and recognized by Company as revenue for such Year 1 or Twenty Thousand U.S. Dollars (US $20,000), whichever is less ("Training Deduction").

2)   during the second year in which the Year 1 SPC is in effect, Company shall retain its one hundred percent (100%) ownership interest in fees and compensation derived from that Year 1 SPC but will pay Employee fifty percent (50%) of the Net Fees for any such Year 1 SPC negotiated by Employee;

3)   during the third year in which the Year 1 SPC is in effect, Company shall retain its one hundred percent (100%) ownership interest in fees and compensation derived from that Year 1 SPC but will pay Employee seventy-five percent (75%) of the Net Fees for any such Year 1 SPC negotiated by Employee;

4)   at the end of the third year of the Year 1 SPC, Company agrees to relinquish any interest in fees and compensation derived from the Year 1 SPC.

c.   all fees and compensation deriving from any SPC entered into or being negotiated during the second year of the Restricted Period ("Year 2 SPC") are Company Property regardless of whether such fees and compensation are paid during the Restricted Period or thereafter, however, as to such fees and compensation:

1)   during the first year in which the Year 2 SPC is in effect, Company shall retain its ownership interest in fees and compensation deriving from that Year 2 SPC, but will pay Employee fifty percent (50%) of the Net Fees for any such Year 2 SPC negotiated by Employee;

2)   during the second year in which the Year 2 SPC is in effect, Company shall retain its ownership interest in fees and compensation derived from that Year 2 SPC but will pay Employee seventy-five percent (75%) of the Net Fees for any such Year 2 SPC negotiated by Employee;

3)   at the end of the second year of the Year 2 SPC, Company agrees to relinquish any interest in fees and compensation derived from the Year 2 SPC.

d.   nothing contained in section 6(c) shall prohibit Company from seeking any other relief permitted by law, including but not limited to injunctive relief, relating to any Company Client Contract or Company Business Opportunity other than a SPC.

**7.     Non-Solicitation Restriction.** Employee will not directly or indirectly at any time during or after the Employment Period attempt to disrupt, damage, impair or interfere with the Company's business by raiding any of the Company's employees or soliciting any of them to resign from their employment by the Company, or by disrupting the relationship between the Company and any of its consultant, agents, representatives or vendors. The Employee acknowledges that this covenant is necessary to enable the Company to maintain a stable workforce and remain in business.

5

Initials:

**8. Confidentiality.**

(a) Employee acknowledges that Employee's compensation is confidential and agrees not to disclose any compensation information to any other employee of Company (except for Employee's Supervisor), or any other person whatsoever with the exception of immediate family members and professional advisors, or as otherwise required by law.

(b) Employee further acknowledges that the existence and terms of arrangements and contracts with Company Clients and/or Company Business Opportunities are confidential and Company deems such information to be trade secrets, that Employee has or will have access to such confidential, non-public, and trade secret information, and that the failure to maintain the confidential nature of Company Client and Company Business Opportunity information and other trade secrets may cause serious harm to Company. Employee agrees to maintain such information in strict confidence, and further agrees not to disclose, furnish, disseminate, make available or, except in the course of performing Employee's duties of employment, use any trade secrets or confidential business and technical information of Company or its clients, consultants, agents, or vendors, including without limitation as to when or how Employee may have acquired such information. Such confidential information shall include, without limitation, Company's recruiting, marketing, and management methods and business techniques; business and marketing strategies and plans; the existence of and/or terms of any contract or business opportunity; promotional, training and other business materials; and client and/or prospective client information and lists. Employee specifically acknowledges that all such confidential information, whether reduced to writing, maintained on any form of electronic media, or maintained in the mind or memory of the Employee and whether compiled by Company and/or Employee, derives independent economic value from not being readily known to or ascertainable by proper means by others who can obtain economic value from its disclosure or use, that reasonable efforts have been made by Company to maintain the secrecy of such information, that such information is the sole property of Company and that any retention and use of such information by Employee during his or her employment with Company (except in the course of performing duties and obligations hereunder) or after the termination of Employee's employment shall constitute a misappropriation of Company's trade secrets.

**9. Employee Duty of Loyalty.** Employee shall devote Employee's full business time and attention to the furtherance of the business of Company and to the faithful and industrious performance of Employee's duties as established from time to time and consistent with Employee's position. Employee agrees to communicate and collaborate openly and effectively at all times with Employee's colleagues and work under the reasonable direction of Supervisor or otherwise as Company's management may determine. Employee will not, at any time during the Employment Period, engage in any other employment or activity that interferes or conflicts in any way with the performance of Employee's duties for Company, and will act positively at all times in furtherance of Company's interests. Employee represents and warrants that Employee: (a) is not a party to any agreement containing a non-competition provision or other restriction with respect to the (i) services or business that Employee will perform for Company, or (ii) disclosure or use of information which directly or indirectly relates to the business of Company or the services to be rendered by Employee to Company, and (b) will not divulge, share or otherwise utilize any trade secret or other propriety information or property of any non-Company entity or person.

**10. Company Property/Recovery of Company Property.** Employee acknowledges and agrees that:

(a) upon termination or separation of Employee's employment with Company, for any reason, Employee shall return all Company Property to Company.

(b) upon and after expiration or termination of Employee's employment with Company for any reason, Employee agrees upon request of Company to sign documentation prepared by Company that

6

Initials: ___

memorializes Company's right to Company Property and informing clients, vendors, consultants, payors, payees, and others of such fact and instructing that all fees and compensation that are Company Property shall be directed to Company. If any such fees or compensation are directed to Employee or any entity with which Employee becomes associated, Employee shall ensure that neither Employee nor any affiliated entity deposits, cashes or otherwise negotiates such funds, but shall ensure that such funds are forwarded to Company (and endorsed over to Company if funds would not otherwise be negotiable by Company) within five (5) business days of receipt. Upon Company's request and during the three (3) year period following the Employment Period, Employee shall provide Company with true and correct copies of all agreements, invoices, checks or other financial records related to Company Property.

(c)    Employee agrees that in the event that Company Property is not returned to Company, the Company shall have the right to charge the Employee for all reasonable damages, costs, attorneys' fees and other expenses incurred in recovering Company Property, including, but not limited to the fees and costs associated with initiating legal proceedings to recover Company Property.

(d)    All property rights granted or agreed to be granted to Company under this Agreement shall vest in Company immediately and shall remain vested whether this Agreement expires in normal course or is terminated for any reason.

**11.    Company Right to Obtain Injunctive Relief/Attorneys Fees in Event of Dispute.**  It is agreed and understood that any breach of Sections 5, 6, 7, 8, or 10 of this Agreement by Employee is likely to result in irreparable injury to Company and that the remedy at law alone will be inadequate, and that in addition to any other remedy it may have, Company shall be entitled to enforce the specific performance of this Agreement and to seek both temporary and permanent injunctive relief (to the extent permitted by law) without the necessity of proving actual damages.  Notwithstanding anything to the contrary in this Agreement, Company shall be permitted to seek such injunctive relief in any court of law in any jurisdiction.  Nothing contained in this Section shall prohibit Company from pursuing any remedies in addition to injunctive relief, including recovery of damages.  In the event Company pursues any remedies under this Agreement, the prevailing party shall have the right to collect from the other party its reasonable attorney fees and costs.  The prevailing party on a claim of breach of this Agreement shall also have the right to collect from the other party its reasonable attorney fees and costs.

**12.    Severability.**  In the event any provision or part of this Agreement is declared void and unenforceable in whole or in part, this finding shall not affect the validity of the remainder of this Agreement, and the remaining terms shall continue in full force and effect.  If any such restriction shall be adjudged by any court of competent jurisdiction to be void or unenforceable as going beyond what is reasonable under the circumstances for the protection of the interests of the Company, but would be valid if part of the wording thereof was deleted and/or the period thereof was reduced, the said restrictions shall apply with such modifications as may be necessary to make it valid and effective.

**13.    Waiver.**  The waiver by any party of any breach of this Agreement shall not operate as, or be construed as, a waiver of any subsequent breach of any provision of this Agreement.

**14.    Successors and Assigns.**  This Agreement will inure to the benefit of the successors and assigns of Company.  The obligations of Employee are personal, are not assignable, and may be performed only by Employee.

**15.    Entire Agreement.**  This Agreement contains the entire understanding between Company and Employee as to the terms hereof, replaces any previous written or verbal understandings between them, and may not be changed except by written agreement executed by both Company and Employee.

7

Initials:

**16.    Governing Law/Venue.**  This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia, USA without regard to conflict of laws principles.  The location for any legal proceedings shall be Fairfax County, Virginia, USA.

**17.    Employee Opportunity to Obtain Legal Review.**  Employee acknowledges that Employee has been afforded the opportunity to have this Agreement reviewed by legal counsel of Employee's choosing and at Employee's expense, and that by executing this Agreement, Employee further acknowledges that Employee has taken that opportunity or has knowingly waived the right to do so.

**18.    Notices.**  All notices, claims, requests, demands, and other communications desired or required hereunder shall be made in writing and shall be deemed to have been duly given when received if mailed (registered or certified mail, postage prepaid, return receipt requested, or other express mail with confirmed delivery) and addressed to Employee at Employee's last known home address and to Company at 1751 Pinnacle Drive, Suite 1500, McLean, VA 22102, Attn: General Counsel.

**19.    Counterparts.**  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**20.    Provisions Surviving Termination of Agreement.**  The provisions of this Agreement that shall survive termination of this Agreement are Sections 4, 5, 6, 7, 8, 10, 11, 16, and 18.

The above accurately reflects our understanding.  Please read and study this Agreement, discuss it with appropriate individuals, and indicate your approval of its terms by signing below.

By: _____          Date: 4/7/08
C.J. LaBoy

Octagon, Inc.

By: _____          Date: 4/30/08
Philip D. M. de Picciotto
President

ACCEPTED AND AGREED BY OCTAGON AT 1751 PINNACLE DRIVE, MCLEAN, VA 22102:

Octagon, Inc.

By: _____          Date: 4/30/08
Vibha Jain Miller
Vice President, Human Resources

8

Initials: _____



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Feb-25-2014 12:54 pm

Case Number: CGC-14-537604

Filing Date: Feb-25-2014 12:53 pm

Filed by: CAROL BALISTRERI

Juke Box: 001    Image: 04389693

SUMMONS ISSUED

CLIFF LABOY JR VS. OCTAGON, INC., A WASHINGTON D.C. CORPORATION

001C04389693

**Instructions:**
Please place this sheet on top of the document to be scanned.

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** Octagon, Inc., a Washington, D.C.
*(AVISO AL DEMANDADO):* Corporation

**YOU ARE BEING SUED BY PLAINTIFF:** Cliff Laboy, Jr., an
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* Individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Francisco Superior Court<br>400 McAllister Street<br>San Francisco, CA  94102<br>Civic Center Courthouse | CASE NUMBER:<br>*(Número del Caso):*<br>CGC 14-537604 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roland M. Juarez                                    213.532.2000      213.532.2020
HUNTON & WILLIAMS LLP
550 S. Hope Street, Suite 2000
Los Angeles, CA 90071

DATE:  FEB 25 2014          Clerk, by _Carolyn Balistreri_, Deputy
*(Fecha)*              **CLERK OF THE COURT** *(Secretario)*      CAROLYN BALISTRERI *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [  ] as an individual defendant.
2. [  ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* Octagon, Inc., a Washington, D.C. Corporation

under:  [X] CCP 416.10 (corporation)          [  ] CCP 416.60 (minor)
        [  ] CCP 416.20 (defunct corporation)  [  ] CCP 416.70 (conservatee)
        [  ] CCP 416.40 (association or partnership) [  ] CCP 416.90 (authorized person)
        [  ] other *(specify):*
4. [  ] by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

Legal
Solutions
Plus

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN FRANCISCO



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Mar-10-2014 02:32 pm

Case Number: CGC-14-537604

Filing Date: Mar-10-2014 02:31 pm

Filed by:  WILLIAM TRUPEK

Juke Box: 001    Image: 04405634

PROOF OF SERVICE OF SUMMONS AND COMPLAINT

CLIFF LABOY JR VS. OCTAGON, INC., A WASHINGTON D.C. CORPORATION

001C04405634

**Instructions:**
Please place this sheet on top of the document to be scanned.

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ROLAND M. JUAREZ (SBN 160793)<br>HUNTON & WILLIAMS LLP<br>550 S. HOPE STREET, SUITE 2000<br>LOS ANGELES, CA 90071-2627<br>TELEPHONE NO.: (213) 532-2000   FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFF | **F I L E D**<br>*San Francisco County Superior Court*<br><br>MAR 10 2014<br><br>CLERK OF THE COURT<br>BY: _____<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McALLISTER STREET
MAILING ADDRESS: SAME
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME: CIVIC CENTER COURTHOUSE

| PLAINTIFF/PETITIONER: CLIFF LABOY, JR., an individual<br><br>DEFENDANT/RESPONDENT: OCTAGON, INC., et al.. | CASE NUMBER:<br>CGC 14-537604 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>56400.vxb |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ Summons
   b. ☒ Complaint [Verified]
   c. ☒ Alternative Dispute Resolution (ADR) package
   d. ☒ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-Complaint
   f. ☒ Other *(specify documents)*: Notice to Plaintiff regarding July 23, 2014 Case Management Conference

*Filed By Fax*

3. a. Party served *(specify name of party as shown on documents served)*:
      OCTAGON INC., a Washington, D.C. Corporation
   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted served was made) *(specify name and relationship to the party named in item 3a)*:
      CAPITOL CORPORATE SERVICES, INC, Agent for Service of Process by leaving with MARY BIDUCICH, CSR, authorized to accept service
4. Address where the party was served:
   455 CAPITAL MALL, SUITE 217, SACRAMENTO, CA 95814
5. I served the party *(check proper box)*
   a. ☒ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 02/25/2014 (2) at *(time)*: 4:10 P.M.
   b. ☐ by substituted service. On *(date)*:     at *(time)*:     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her o the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:     from *(city)*:     or ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| ~ PLAINTIFF/PETITIONER: CLIFF LABOY, JR., an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: OCTAGON, INC., et al. | CGC 14-537605 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage, prepaid,

    (1) on *(date):*                             (2) from *(city):*

    (3) ☐ with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., §415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify)* :

  c. ☐ as occupant.

  d. ☒ On behalf of (specify) :OCTAGON INC., a Washington, D.C. Corporation
under the following Code of Civil Procedure section:

| | | | | | |
|---|---|---|---|---|---|
| ☒ | 416.10 (corporation) | | ☐ | 415.95 (business organization, form unknown) | |
| ☐ | 416.20 (defunct corporation) | | ☐ | 416.60 (minor) | |
| ☐ | 416.30 (joint stock company/association) | | ☐ | 416.70 (ward or conservatee) | |
| ☐ | 416.40 (association or partnership) | | ☐ | 416.90 (authorized person) | |
| ☐ | 416.50 (public entity) | | ☐ | 415.46 (occupant) | |
| | | | ☐ | other: | |

7. **Person who served papers**

  a. Name: HENRY L. GARCIA

  b. Address: PO Box 861057, Los Angeles, CA 90086-1057

  c. Telephone number: (888) 232-6077

  d. **The fee** for service was: $30.00

  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ registered California process server:

      (i) ☐ owner ☐ employee ☒ independent contractor.

      (ii) Registration No.: 2009-90

      (iii) County: SACRAMENTO

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: February 25, 2014

HENRY L. GARCIA
--------------------------------------
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                (SIGNATURE)

CASE NUMBER: CGC-14-537604 CLIFF LABOY JR VS. OCTAGON, INC., A WASHINGTON D.

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

| | | |
|---|---|---|
| **DATE:** | **JUL-23-2014** | |
| **TIME:** | **10:30AM** | |
| **PLACE:** | **Department 610** | |
| | **400 McAllister Street** | |
| | **San Francisco, CA 94102-3680** | |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.10. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

## ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**
(SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**

# EXHIBIT B

1  DANIELLE OCHS, State Bar No. 178677
   dot@ogletreedeakins.com
2  TIMOTHY L. REED, State Bar No. 258034
   timothy.reed@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Steuart Tower, Suite 1300
4  One Market Plaza
   San Francisco, CA  94105
5  Telephone:     415.442.4810
   Facsimile:     415.442.4870
6
   Attorneys for Defendant
7  OCTAGON, INC.

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF SAN FRANCISCO

10

11  CLIFF LABOY, JR., an individual,          Case No. CGC 14-537604

12              Plaintiff,
                                              **NOTICE TO PLAINTIFF AND CLERK OF
13       vs.                                  THE CALIFORNIA SUPERIOR COURT
                                              OF REMOVAL OF CIVIL ACTION TO
14  OCTAGON, INC., a Washington, D.C.         UNITED STATES DISTRICT COURT**
    corporation,
15
                Defendant.                    Action Filed:     February 21, 2014
16                                            Trial Date:

17

18

19

20

21

22

23

24

25

26

27

28

**TO PLAINTIFF CLIFF LABOY, JR. AND HIS ATTORNEYS OF RECORD, AND THE**

**CLERK OF THE ABOVE-ENTITLED COURT:**

     **PLEASE TAKE NOTICE THAT** on March __, 2014, Defendant OCTAGON, INC.
removed the instant action to the United States District Court for the Northern District of
California.  A true and correct copy of the Notice of Removal, without exhibits, is attached hereto
as Exhibit A.

DATED:  March __, 2014

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.


By:  _____
     DANIELLE OCHS
     TIMOTHY L. REED

Attorneys for Defendant
OCTAGON, INC.

17233883.1

1

Case No. CGC 14-537604

NOTICE TO PLAINTIFF AND CLERK OF THE CALIFORNIA SUPERIOR COURT OF REMOVAL OF
CIVIL ACTION TO UNITED STATES DISTRICT COURT