1   HUNTON & WILLIAMS LLP
    ROLAND M. JUAREZ (State Bar No. 160793)
2   E-mail:  rjuarez@hunton.com
    550 South Hope Street, Suite 2000
3   Los Angeles, California 90071-2627
    Telephone: 213 • 532 • 2000
4   Facsimile: 213 • 532 • 2020

5   Y. ANNA SUH (State Bar No. 228632)
    E-mail: asuh@hunton.com
6   575 Market Street, Suite 3700
    San Francisco, CA 94105
7   Telephone: 415 • 975 • 3700
    Facsimile: 415 • 532 • 3701

8
    Attorneys for Plaintiff
9   CLIFF LABOY, JR.

10

11              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
12                SAN FRANCISCO DIVISION

13

14  CLIFF LABOY, JR. an individual,        Case No.:  3:14-CV-01417-CRB

15                                          **FIRST AMENDED COMPLAINT**
                        Plaintiff,
16                                          1.  Unfair Competition - Restraint of Trade
         vs.                                Under California Business and Professions
17                                          Code § 16600

18  OCTAGON, INC., a Washington, D.C.       2.   Declaratory and Injunctive Relief Under
    corporation,                            California Code of Civil Procedure § 1060
19
                                            3.  Breach of Contract Based upon Failure to
20                      Defendant.          Pay Earned Bonuses

21                                          4.  Breach of Contract Based Upon Failure to
                                            Reimburse Company Expenses
22
                                            5.  Failure to Pay Wages Within the Time
23                                          Required Under Labor Code §§ 202(a), 203(a)

24                                          6.  Failure to Provide Accurate Wage
                                            Statements Under Labor Code § 226(a)
25
                                            7.  Unfair Competition - Unfair Business
26                                          Practices Under California Business and
                                            Professions Code § 17200
27
                                            **DEMAND FOR JURY TRIAL**
28

*Hunton & Williams LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071-2627*

Plaintiff CLIFF LABOY, JR.  ("Mr. LaBoy"), by and through his counsel, files this First Amended Complaint for Declaratory Judgment, Injunctive Relief, Damages, and Restitution (the "Complaint").  Defendant OCTAGON, INC. ("Octagon") seeks to enforce unlawful non-competition, non-solicitation and fee tail covenants against a California employee, Mr. LaBoy.  Mr. LaBoy now seeks a declaratory judgment against Octagon to stop this unlawful competition by Octagon in California.  Mr LaBoy also seeks to recover earned but unpaid wages and travel expenses for which he is entitled to be reimbursed.   Mr. LaBoy alleges as follows:

## THE PARTIES, JURISDICTION, INTRADISTRICT ASSIGNMENT, AND VENUE

1.      Mr. LaBoy is a citizen of the State of California and resides in the County of Marin, California.  He is a former employee of Octagon.  Mr. LaBoy began working for Octagon in 2005 and spent the majority of his employment working out of Octagon's Walnut Creek, California office.  During his employment, Mr. LaBoy regularly engaged in business throughout California.

2.      Octagon is a Washington, D.C. corporation with its principal place of business in Connecticut.  Octagon regularly conducts business in California, maintaining its offices in San Francisco, Los Angeles, and San Diego.

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because it is a civil matter between citizens of different states and the amount in controversy exceeds $75,000.

4.      Assignment to the San Francisco Division is appropriate pursuant to Civil L.R. 3-2 because a substantial part of the events that gave rise to the claim occurred in the County of San Francisco.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1441(a) because the San Francisco division of the Northern District of California embraces the Superior Court for the County of San Francisco in which this action was originally filed and from which it was removed.

## GENERAL ALLEGATIONS

6.      Octagon is one of the nation's largest providers of, among other client services, sports marketing, talent representation, and event management services.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

7.      Mr. LaBoy began his employment with Octagon in 2005 as a sports agent within Octagon's NFL Football division.  Mr. LaBoy was not and has not ever been an owner in Octagon, has never been a limited partner in Octagon, nor has he owned any partnership interest in Octagon.

8.      In April 2008, Octagon presented Mr. LaBoy with an Employment Agreement as a condition of his continued employment with Octagon.  The Employment Agreement was non-negotiable.  A true and correct copy of the Employment Agreement ("the Agreement"), entered into as of April 30, 2008, is attached hereto as **Exhibit A**.

9.      The Agreement provides that LaBoy "will be reimbursed for reasonable and necessary travel expenses incurred and submitted in accordance with Company's customary policies, procedures, and approvals regarding expense reimbursement."  *See* Agreement ¶ 3(f).

10.     The Agreement further provides that LaBoy was "eligible to be considered for bonuses to be determined in the discretion of [his] Supervisor and/or Company management."  *See* Agreement ¶ 3(d).

11.     For two years following termination of Mr. LaBoy's employment, the Agreement precludes Mr. LaBoy from working in any capacity for the following specific Octagon competitors: International Management Group, SFX, Wasserman Media Group, Creative Artists Agency, Athletes First, Priority Sports, William Morris, or any of their present or future affiliated or related companies.  *See* Agreement ¶ 5.

12.     For two years following termination of Mr. LaBoy's employment, the Agreement precludes Mr. LaBoy from pursuing any "Company Client" who had been a client of Octagon during the two year period prior to the termination of his employment, or with whom Mr. LaBoy had any contact with during his employment at Octagon.  *See id.* ¶ 6(b).

13.     For two years following termination of Mr. LaBoy's employment, the Agreement precludes him from pursuing any "Company Business Opportunity" which anyone at Octagon has "targeted or solicited" at any time during twelve months prior to the termination of his employment. *See id.*

14.     For up to two years following termination of Mr. LaBoy's employment, the Agreement mandates that Octagon is entitled to all fees and compensation deriving from any

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2

contract Mr. LaBoy enters into with an Octagon client during this two year period.  *See id.* ¶ 6(c)

("Fee Tail Provision").   The Agreement further asserts a property interest in and requires immediate

transfer of these fees and compensation to Octagon, and it sets forth penalties for failing to do so.

*See id.* ¶ 10.

15.     At any point following the termination of Mr. LaBoy's employment, the Agreement

precludes him from "raiding" Octagon's employees or soliciting any of the employees to resign from

Octagon, and from "disrupting" the relationship between Octagon and any of its consultants, agents,

representatives or vendors.  *See id.* ¶ 7.

16.     Mr. LaBoy resigned from Octagon on February 21, 2014.  He has accepted

employment with an entity that, upon information and belief, Octagon contends is affiliated with one

of the companies listed in Paragraph 5 of the Agreement.

17.     Mr. LaBoy was not issued his final paycheck at the time of his termination.  This

paycheck would have covered his employment with Octagon during a two to three week period in

February 2014.  Moreover, Mr. LaBoy has never been paid his final paycheck.

18.     Mr. LaBoy was not paid and has not been paid for his vested but unused vacation

time at the time of his termination.

19.     On May 2, 2014, Octagon filed a Covenant Not To Sue, executed on May 1, 2014, by

its General Counsel, Paul Haase, in which Octagon unconditionally and irrevocably promised to take

no action to enforce Paragraphs 5 or 6(b) of the Agreement.

20.     On June 17, 2014, the United States District Court for the Northern District of

California granted Octagon's Motion to Dismiss in Part portions of Mr. LaBoy's claim for

declaratory relief, finding that the Covenant Not To Sue removed Paragraphs 5 and 6(b) from

controversy.

## I.

### FIRST CLAIM FOR RELIEF
**Unfair Competition - Restraint of Trade Under
California Business and Professions Code § 16600**

21.     Mr. LaBoy realleges and incorporates by reference the allegations contained in

paragraphs 1 through 18 above as if fully set forth herein.

3

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

22.     An actual controversy has arisen and now exists between Mr. LaBoy and Octagon concerning their respective rights and duties under the Agreement.  Mr. LaBoy has terminated his employment with Octagon.  He has accepted employment with an entity that, upon information and belief, Octagon contends is affiliated with one of the companies listed in Paragraph 5 of the Agreement.  In addition, the status of payments under several contracts are in dispute in light of the fee tail provision.  Finally, the status of numerous clients managed by Mr. LaBoy is immediately in dispute in light of the restrictive covenants.

23.     Mr. LaBoy is informed and believes and thereon alleges that Octagon willfully undertook unlawful and unfair business acts or practices, with knowledge of and disregard of Mr. LaBoy's rights, and with the intention of causing harm to Mr. LaBoy and benefitting Octagon by, among other things, requiring Mr. LaBoy to enter into the overbroad, void, and unenforceable provisions in Paragraphs 5, 6, 7, and 10 of the Employment Agreement, as a condition of his continued employment with Octagon.

24.     Octagon's conduct constitutes a restraint of trade, within the meaning of Unfair Competition Law, California Business and Professions Code § 16600 *et seq.*

25.     As a direct and proximate result of Octagon's conduct, Mr. LaBoy has been harmed and denied the benefits to which he is entitled under applicable law, and will continue to be harmed for up to twenty-four months.

26.     Mr. LaBoy is informed and believes and, based thereon, alleges that Octagon has engaged and continues to engage in such unlawful and unfair conduct for the purpose of injuring Mr. LaBoy, clients he manages, as well as the public at large.

27.     Octagon's continuing wrongful conduct as alleged above, unless and until restrained by order of this Court, will cause great and irreparable harm to Mr. LaBoy.

28.     Mr. LaBoy has no adequate remedy at law since, unless enjoined, Octagon will continue to engage in the aforementioned wrongful conduct.

29.     As the direct and proximate result of Octagon's actions, Mr. LaBoy faces irreparable harm and injury, and damages in an amount to be proven at the time of trial.  Because his remedy at law is inadequate, Mr. LaBoy also seeks, in addition to any other available remedy, monetary

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

FIRST AMENDED COMPLAINT
Case No. 3:14-CV-01417-CRB

damages, and preliminary and permanent injunctive relief against Octagon to preclude the

enforcement of Paragraphs 5, 6, 7, and 10 of the Agreement.

30.    Mr. LaBoy is informed and believes that through this lawsuit, Mr. LaBoy's

enforcement of § 16600 confers a significant benefit, pecuniary or otherwise, to the general public

by ensuring fair and free competition for Mr. LaBoy and other employees of Octagon.  Mr. LaBoy is

informed and believes that § 1021.5 of the California Code of Civil Procedure permits Mr. LaBoy to

recover attorneys' fees and costs incurred in enforcing § 16600.

## II.

### SECOND CLAIM FOR RELIEF

**Declaratory and Injunctive Relief Under California Code of Civil Procedure § 1060**

31.    Mr. LaBoy realleges and incorporates by reference the allegations contained in

paragraphs 1 through 30 above as if fully set forth herein.

32.    There exists an immediate and actual controversy of a justiciable nature, ripe for

adjudication, between Mr. LaBoy and Octagon concerning the constitutionality and/or enforceability

of Paragraphs 6(c), 7, and 10 of the Agreement, including under California Business and Professions

Code § 16600, given Octagon's attempt to defeat competition without regard for:  (i) the public

welfare;  (ii) the legitimate interests of the parties;  (iii) the degree to which competition is being

defeated; and (iv) the adverse affects to the public beyond what is necessary to protect the legitimate

rights of Octagon, if any.  There is also an immediate and actual controversy of a justiciable nature,

ripe for adjudication, concerning the enforceability of Paragraph 6(b) of the Agreement

notwithstanding Octagon's Covenant Not To Sue, as operation of Paragraph 6(c) of the Agreement

depends in part upon a breach of "Section 6 of this Agreement."  The ends of justice require that the

Court give Mr. LaBoy guidance and direction concerning these issues in which both parties have a

real interest in the question to be resolved.

33.    Paragraphs 5, 6, 7, and 10 of the Agreement are void and unenforceable because they

constitute restraints on trade, which are prohibited by California Business and Professions Code

§ 16600.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

34.     Paragraph 6(c) of the Agreement is also void and unenforceable because it is an illegal recoupment of wages prohibited by California Labor Code § 221.

35.     Paragraph 6(c) of the Agreement is also void and unenforceable because it constitutes an assignment of Mr. LaBoy's future wages but does not comply with the stringent requirements for such an assignment set out in California Labor Code § 300.

36.     For the foregoing reasons, and pursuant to California Code of Civil Procedure § 1060, Mr. LaBoy requests a judicial declaration that Paragraphs 6(b) and 7 of the Employment Agreement are overbroad, void, and unenforceable, and that Paragraphs 6(c) and 10 of the Employment Agreement are void, unenforceable, and unconscionable.

37.     A judicial determination is necessary and appropriate at this time under the circumstances in order that Mr. LaBoy and Octagon may ascertain their rights and duties, if any, under the Agreement.

### III.

### THIRD CLAIM FOR RELIEF

**Breach of Contract Based upon Failure to Pay Earned Bonuses**

38.     Mr. LaBoy realleges and incorporates by reference the allegations contained in paragraphs 1 through 37 above as if fully set forth herein.

39.     As alleged herein, Mr. LaBoy and Octagon entered into an Employment Agreement that set forth certain terms governing the employment relationship, including Mr. LaBoy's base compensation and entitlement to bonuses.

40.     Mr. LaBoy has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the Employment Agreement, except for those conditions and covenants for which performance by Mr. LaBoy was excused.

41.     Octagon breached the conditions, covenants, promises, and obligations required of the Employment Agreement by failing to pay Mr. LaBoy the bonuses he earned in 2011, 2012, or 2013.

42.     As a proximate result of Octagon's breaches, Mr. LaBoy has suffered damages in the as unpaid wages for 2011, 2012, and 2013 in amounts to be proven at trial.  Mr. LaBoy further seeks

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

his reasonable attorney fees and costs and prejudgment interest on these amounts as provided for in Paragraph 11 of the Agreement and in sections 218.5 and 218.6 of the California Labor Code.

### IV.

### FOURTH CLAIM FOR RELIEF

**Breach of Written Agreement Based Upon Failure to Reimburse Company Expenses**

43.    Mr. LaBoy realleges and incorporates by reference the allegations contained in paragraphs 1 through 42 above as if fully set forth herein.

44.    As alleged herein, Mr. LaBoy and Octagon entered into an Employment Agreement that set forth certain terms governing the employment relationship, including that Mr. LaBoy "will be reimbursed for reasonable and necessary travel expenses incurred and submitted in accordance with Company's customary policies, procedures, and approvals regarding expense reimbursement." Agreement ¶ 3(f).

45.    Mr. LaBoy has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the Employment Agreement, except for those conditions and covenants for which performance by Mr. LaBoy was excused.

46.    Nevertheless, over the course of Mr. LaBoy's employment, Octagon has repeatedly failed to reimburse Mr. LaBoy for reasonable and necessary travel expenses that he incurred and submitted in accordance with the Company's customary policies, procedures, and approvals regarding expense reimbursement, thus breaching the Employment Agreement.

47.    Every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.  The covenant of good faith finds particular application in situations where one party is invested with a discretionary power affecting the rights of another.  Such power must be exercised in good faith.

48.    As an actual and proximate result of Octagon's failure to honor its agreement, Mr LaBoy has suffered a loss of income, in a sum to be determined according to proof at time of trial, but in excess of the jurisdictional minimum of this Court.  Mr. LaBoy further seeks his reasonable

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  attorney fees and costs and prejudgment interest on these amounts as provided for in Paragraph 11 of

2  the Agreement and in sections 218.5 and 218.6 of the California Labor Code.

3                                                    V.

4                              **FIFTH CLAIM FOR RELIEF**

5      **Failure to Pay Wages Within the Time Required Under Labor Code §§ 202(a), 203(a)**

6          49.     Mr. LaBoy realleges and incorporates by reference the allegations contained in

7  paragraphs 1 through 48 above as if fully set forth herein.

8          50.     California Labor Code § 202(a) requires that all wages earned and unpaid at the time

9  of an employee's resignation are due and payable within 72 hours, unless prior notice of more than

10  72 hours is given, in which case wages are due and payable at the time of resignation.

11          51.     California Labor Code § 227.3 requires that all vested but unused vacation time must

12  be paid as wages upon termination of employment at the employee's final rate.

13          52.     California Labor Code § 203(a) imposes statutory penalties on an employer who

14  willfully fails to pay the full wages of an employee who resigns, as required by § 202(a). The wages

15  of such an employee shall continue at the same rate until paid or until an action is commenced, but

16  not for more than 30 days.

17          53.     As set forth above, Mr. LaBoy resigned from his employment with Octagon on

18  February 21, 2014. Because he did not provide at least 72 hours advance notice of his resignation,

19  Octagon was required to pay Mr. LaBoy his full earned and unpaid wages within 72 hours of the

20  resignation.

21          54.     As set forth above, Octagon willfully failed and continues to fail to pay wages that

22  were earned by and properly due to Mr. LaBoy.  These wages include Mr. LaBoy's final paycheck,

23  earned and unused accrued vacation, and bonuses that were earned in 2011, 2012, and 2013.

24          55.     Mr. LaBoy thus is entitled to and seeks the full amount of his unpaid wages in

25  amounts to be proven at trial. Mr. LaBoy also is entitled to and seeks statutory waiting time penalties

26  pursuant to section 203(a) in amounts to be proven at trial. Mr. LaBoy further seeks his reasonable

27  attorney fees and costs and prejudgment interest on these amounts as provided for in sections 218.5

28  and 218.6 of the California Labor Code.

*Hunton & Williams LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071-2627*

FIRST AMENDED COMPLAINT
Case No. 3:14-CV-01417-CRB

## VI.

## SIXTH CLAIM FOR RELIEF

### Failure to Provide Accurate Wage Statements Under Labor Code § 226(a)

56.     Mr. LaBoy realleges and incorporates by reference the allegations contained in paragraphs 1 through 55 above as if fully set forth herein.

57.     California Labor Code § 226(a) requires employers, semimonthly or at the time of each payment of wages, to furnish each employee an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units and rates, if applicable, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

58.     California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed four thousand dollars ($4000), and is entitled to an award of costs and reasonable attorney's fees.

59.     Octagon knowingly and intentionally failed to provide accurate itemized wage statements to Mr. LaBoy in that the statements provided did not accurately show, inter alia, the gross wages earned by Mr. LaBoy, all deductions, and the net wages earned because they did not include the bonuses earned by Mr. LaBoy.

60.     As a direct and proximate result of Octagon's knowing and intentional violations of section 226(a), Mr. LaBoy has suffered damages in an amount to be proved at trial. Mr. LaBoy further seeks his reasonable attorney fees and costs and prejudgment interest on these amounts as provided for in sections 218.5 and 218.6 of the California Labor Code.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

9

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# VII.

## SEVENTH CLAIM FOR RELIEF

**Unfair Competition - Unfair Business Practices Under Business and Professions Code § 17200**

61.     Mr. LaBoy realleges and incorporates by reference the allegations contained in paragraphs 1 through 60 above as if fully set forth herein.

62.     Octagon's conduct as set out above constitutes unlawful and unfair business acts or practices, within the meaning of Unfair Competition Law, California Business and Professions Code §§ 17200 *et seq.*

63.     Mr. LaBoy is informed and believes and thereon alleges that Octagon willfully undertook unlawful and unfair business acts or practices, with knowledge of and disregard of Mr. LaBoy's rights, and with the intention of causing harm to Mr. LaBoy and benefitting Octagon by, among other things, requiring Mr. LaBoy to enter into the overbroad, void, and unenforceable provisions in Paragraphs 5, 6, 7, and 10 of the Employment Agreement as a condition of his continued employment with Octagon and committing the violations of the California Labor Code as described above.

64.     As a direct and proximate result of Octagon's conduct, Mr. LaBoy has been harmed and denied the benefits to which he is entitled under applicable law.

65.     Mr. LaBoy is informed and believes and, based thereon, alleges that Octagon has and continues to engage in such unlawful and unfair conduct for the purpose of injuring Mr. LaBoy, clients he manages, as well as the public at large.

66.     Octagon's continuing wrongful conduct as alleged above, unless and until restrained by order of this Court, will cause great and irreparable harm to Mr. LaBoy.

67.     Mr. LaBoy has no adequate remedy at law since, unless enjoined, Octagon will continue to engage in the aforementioned wrongful conduct.

68.     As the direct and proximate result of Octagon's actions, Mr. LaBoy faces irreparable harm and injury, and he has been wrongfully deprived of monetary benefits in an amount to be proven at the time of trial.  Because his remedy at law is inadequate, Mr. LaBoy also seeks, in addition to any other available remedy, restitution of all monetary benefit of which he has been

wrongfully deprived and preliminary and permanent injunctive relief against Octagon to preclude the enforcement of Paragraphs 5, 6, 7, and 10 of the Agreement.

69.    Mr. LaBoy is informed and believes that through this lawsuit, Mr. LaBoy's enforcement of § 17200 confers a significant benefit, pecuniary or otherwise to the general public by ensuring fair and free competition for Mr. LaBoy and other employees of Octagon.  Mr. LaBoy is informed and believes that Section 1021.5 of the California Code of Civil Procedure permits Mr. LaBoy to recover attorneys' fees and costs incurred in enforcing § 17200.

## **PRAYER FOR RELIEF**

Mr. LaBoy has no adequate or speedy remedy at law for the above-mentioned conduct of Octagon, and this action for declaratory and injunctive relief is Mr. LaBoy's only means for securing relief.  Wherefore, Mr. LaBoy respectfully prays that this Court:

a)    Enter a declaratory judgment that Paragraphs 6, 7, and 10 of the Agreement are void and unenforceable under California law;

b)    Issue a temporary and permanent injunction perpetually enjoining and restraining Octagon, its officers, agents, employees, successors, attorneys, and all those in active participation with them, from seeking to restrain, prevent, or interfere with the rights of Mr. LaBoy to compete against Octagon in California;

c)    Grant judgment to Mr. LaBoy and against Octagon on this Complaint for all damages, restitution, injunctive, and declaratory relief sought by Mr. LaBoy;

d)    Grant judgment to Mr. LaBoy and against Octagon as to all Claims for Relief of this Complaint;

e)    For damages, including monetary, compensatory, consequential, punitive, and exemplary damages in an amount to be proved at trial;

f)    For restitution of all monetary benefit of which he has been wrongfully deprived;

g)    Award Mr. LaBoy costs, expenses, and attorneys' fees incurred in connection with bringing and maintaining this action, to the extent permitted by law, equity, and contract;

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1      h)   Award interest and penalties on the amounts due Mr. LaBoy as provided by statute;

2      and

3      i)   Grant Mr. LaBoy such additional relief as this Court deems just and equitable.

4

5   DATED:  July 18, 2014                HUNTON & WILLIAMS LLP

6

7                        By:   */s/ Roland M. Juarez*

8                              ROLAND M. JUAREZ

9                              Attorneys for Plaintiff
                               CLIFF LABOY, JR..

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

FIRST AMENDED COMPLAINT
Case No. 3:14-CV-01417-CRB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Hunton & Williams LLP**
**550 South Hope Street, Suite 2000**
**Los Angeles, California 90071-2627**

**DEMAND FOR JURY TRIAL**

Plaintiff Cliff LaBoy, Jr. hereby demands a trial by jury on triable issues of fact.

DATED:  July 18, 2014                                    HUNTON & WILLIAMS LLP

By:   */s/ Roland M. Juarez*
      ROLAND M. JUAREZ

      Attorneys for Plaintiff
      CLIFF LABOY, JR.

FIRST AMENDED COMPLAINT
Case No. 3:14-CV-01417-CRB

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and notice was sent to the following:

Danielle Ochs
Timothy L. Reed
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA 94105

Attorneys for Defendant Octagon, Inc.

This the 18th day of July, 2014.            /s/ Roland M. Juarez
                                            Roland M. Juarez

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

14