**FILED**

**NOT FOR PUBLICATION**

APR 27 2015

**UNITED STATES COURT OF APPEALS**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| In re OCTAGON, INC., <br><br> **OCTAGON, INC.,** <br><br>    Petitioner, <br><br> v. <br><br> **UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO,** <br><br>    Respondent, <br><br> **CLIFF LABOY, Jr.,** <br><br>    Real Party in Interest. | No. 14-72523 <br><br> D.C. No. 3:14-cv-01417-CRB <br><br> **MEMORANDUM**[*] |
| In re OCTAGON, INC., <br><br> **OCTAGON, INC.,** <br><br>    Petitioner, <br><br> v. | No. 14-72641 <br><br> D.C. No. 3:14-cv-01416-CRB |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**,

Respondent,

**DOUGLAS HENDRICKSON**,

Real Party in Interest.

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted April 14, 2015
San Francisco, California

Before:     **KOZINSKI** and **GRABER**, Circuit Judges and **PONSOR**,[**] Senior District Judge.

Octagon hasn't demonstrated that mandamus relief is warranted.  See Bauman v. U.S. Dist. Court, 557 F.2d 650, 654–55 (9th Cir. 1977).  Even if the district court erred in denying the motion to transfer, which we need not decide, the remaining Bauman factors weigh against mandamus relief.  Octagon can challenge the district court's interpretation of the forum-selection clause and denial of the motion to transfer after final judgment.  See Wash. Pub. Utils. Grp. v. U.S. Dist.

---

[**]    The Honorable Michael A. Ponsor, Senior District Judge for the U.S. District Court for Massachusetts, sitting by designation.

page 3

Court, 843 F.2d 319, 325 (9th Cir. 1988).  That option might be costly, but we've consistently held that litigation costs alone don't justify mandamus.  Id.  This case also doesn't involve an "oft-repeated error" or raise "new and important problems."  Bauman, 557 F.2d at 655.  It presents a routine and fact-intensive question of contract interpretation.

As the dissent suggests, the forum-selection clause may well "preclude[] proper venue in any federal court."  But we can hardly say the district court committed clear error by failing to dismiss on that basis when Octagon specifically abandoned a request for that relief below and instead opted to seek transfer.  Nothing we say precludes Octagon from moving to dismiss for improper venue on remand, assuming Octagon hasn't waived such an argument or delayed too long in making it.

**DENIED.**

<u>Octagon, Inc. v. United States District Court (In re Octagon, Inc.)</u>, Nos. 14-72523, 14-72641

GRABER, Circuit Judge, dissenting:

FILED

APR 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I respectfully dissent.

The district court clearly erred.  The relevant forum-selection clause sets forth the "location for any legal proceedings" associated with disputes arising from the agreement.  The clause provides that "[t]he location for any legal proceedings <u>shall be</u> Fairfax County, Virginia, USA."  (Emphasis added.)  That wording unambiguously reflects the parties' agreement that venue is mandatory for any action filed by a plaintiff against Octagon and that the proper venue is in Fairfax County, Virginia.

The forum-selection clause can be considered ambiguous, but it is not ambiguous in the way that the district court described.  The <u>only</u> ambiguity pertains to the proper Virginia forum—state or federal—in which a dispute arising from the agreement may take place.  The fact that no federal courthouse is physically located in Fairfax County does not compel a conclusion that the parties' venue clause excludes federal courts.  See <u>Simonoff v. Expedia, Inc.</u>, 643 F.3d 1202, 1206 (9th Cir. 2011) (noting that federal "judicial districts are in fact defined by counties").  But, resolving that ambiguity against the drafter, see <u>Doe I v. AOL LLC</u>, 552 F.3d 1077, 1082 n.10 (9th Cir. 2009) (per curiam), the absence of a

federal courthouse within the geographic boundaries of Fairfax County, Virginia, precludes proper venue in <u>any</u> federal court.  Venue is proper <u>only</u> in Virginia state court, and the district court erred by failing to dismiss the action entirely.  <u>See</u> <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986) (permitting a district court to dismiss an action sua sponte for improper venue).

    Weighing the <u>Bauman</u> factors, I would conclude that relief is justified.  First, the majority overstates our precedent.  Mandamus relief sometimes is warranted if a party will suffer severe prejudice because of the inevitable delay and increased costs that result from being forced to undergo an unnecessary trial, a consequence that cannot be corrected by a later appeal.  <u>Wash. Pub. Utils. Grp. v. U.S. Dist. Court</u>, 843 F.2d 319, 325 (9th Cir. 1988).  Second, mandamus would seem especially appropriate when the federal court should not be exercising jurisdiction over the litigation at all.  <u>Cf.</u> <u>Special Invs. Inc. v. Aero Air Inc.</u>, 360 F.3d 989 (9th Cir. 2004) (granting mandamus relief when the district court made an erroneous jurisdictional decision).

    For these reasons, I respectfully dissent.